UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN NACHSEN,

                              Plaintiff,                    18 Civ. 10996 (PAE)

                -v-

                                                          ORDER

JEM REAL ESTATE CO., LLC and CALIENTE CAB
REST. CO., INC.,

                              Defendants.

---

PAUL A. ENGELMAYER, District Judge:

      Plaintiff has filed a second motion to stay the proceedings in this case pending the appointment of Louise Nachshen as the representative of the late Steven Nachsen's estate by the New York Surrogate's Court. Dkt. 44. Defendants oppose this request. Dkt. 45. In response, defendants move to dismiss as moot plaintiff's claim arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and request that the Court decline to exercise supplemental jurisdiction over plaintiff's claims arising under the New York State Human Rights Law, New York State Executive Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a) *et seq.* ("NYCHRL"), and plaintiff's claim for common law negligence. *Id.*

      Only injunctive relief is available under Title III of the ADA. *See* 42 U.S.C. § 12188(a); 42 U.S.C. § 2000a-3(a); *see also Powell v. Nat'l Bd. Of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("A private individual may only obtain injunctive relief for violations of a right granted under Title III; he cannot recover damages."). Although the Second Circuit has not opined on whether Title III claims survive the death of the plaintiff, courts in this Circuit that have examined the issue have found that because a deceased plaintiff cannot benefit from injunctive

1

relief, Title III claims are extinguished upon the plaintiff's death. *See Grinblat v. Michell Wolf LLC*, No. 20 Civ. 5857 (BMC), 2021 WL 878554, at *1 (E.D.N.Y. Mar. 9, 2021) ("Title III ADA claims become moot when the plaintiff dies because the only relief available is injunctive relief, and injunctive relief cannot benefit a deceased plaintiff."); *Gershanow v. Cnty. of Rockland*, No. 11 Civ. 8174 (CS), 2014 WL 1099821, at *4 (S.D.N.Y. Mar. 20, 2014) ("Given that Ms. Gershanow has died, she cannot benefit from ADA-compliant sidewalks, curb ramps and bus stops, and the claims for declaratory and injunctive relief are therefore moot."); *Kahn v. NYU Med. Ctr.*, No. 06 Civ. 13455 (LAP), 2007 WL 2000072, at *5 (S.D.N.Y. July 10, 2007) ("[B]ecause of her demise, Mrs. Kahn cannot benefit from the injunctive relief sought herein, and Plaintiff does not have standing to seek injunctive relief based on past wrongs directed at her."), *aff'd sub nom. Kahn v. New York Univ. Med. Ctr.*, 328 F. App'x 758 (2d Cir. 2009), and *aff'd sub nom. Kahn v. New York Univ. Med. Ctr.*, 328 F. App'x 758 (2d Cir. 2009).

Accordingly, the Court dismisses plaintiff's claim for violations of Title III of the ADA. The Court expects to decline supplemental jurisdiction over the remaining non-federal claims given the limited progress of the case to date. *See Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."). If either party believes that the Court should exercise supplemental jurisdiction, that party is directed to file a letter explaining why supplemental jurisdiction is proper, with apposite authority, by **Monday, June 7, 2021**.

SO ORDERED.

                                                                      _____
                                                                            PAUL A. ENGELMAYER
                                                                            United States District Judge

Dated: May 17, 2021
            New York, New York