UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

STEVEN NACHSEN,

                              Plaintiff,                        18 Civ. 10996 (PAE)

                -v-

JEM REAL ESTATE CO., LLC and CALIENTE CAB           ORDER
REST. CO., INC.,

                              Defendants.

---

PAUL A. ENGELMAYER, District Judge:

On April 29, 2021, plaintiff filed a second motion to stay the proceedings in this case pending the appointment of Louise Nachshen as the representative of the late Steven Nachsen's estate by the New York Surrogate's Court. Dkt. 44. On May 3, 2021, defendants filed an opposition to the request, moving to dismiss as moot plaintiff's claim arising under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), and requesting that the Court decline to exercise supplemental jurisdiction over plaintiff's claims arising under the New York State Human Rights Law, New York State Executive Law § 296 *et seq.* ("NYSHRL"), and the New York City Human Rights Law, New York City Administrative Code § 8-502(a) *et seq.* ("NYCHRL"), and plaintiff's claim for common law negligence. Dkt. 45.

On May 17, 2021, the Court issued an order dismissing plaintiff's claim for violation of Title III of the ADA and informing the parties that it expected to decline supplemental jurisdiction over the remaining non-federal claims given the limited progress of the case to date. Dkt. 46; *see Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal

1

court should decline the exercise of jurisdiction by dismissing the case without prejudice."). In that order, the Court directed the parties, in the event either believed that the Court should exercise supplemental jurisdiction, to file a letter explaining why doing so would be proper, with apposite authority, by June 7, 2021. Neither party has done so, and no other progress has been made in this case.

Accordingly, under Federal Rules of Civil Procedure 41(b) and 12(b)(1), and the Court's inherent power, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962), the Court hereby dismisses this case, without prejudice. *See Cohill*, 484 U.S. at 350; *Thorne v. Bos. Mkt. Corp.*, 469 F. Supp. 3d 130, 147 (S.D.N.Y. 2020) (declining to exercise supplemental jurisdiction over state and city claims after dismissing Title III claims).

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

                                                    *Paul A. Engelmayer*
                                                    PAUL A. ENGELMAYER
                                                    United States District Judge

Dated: March 2, 2022
          New York, New York